UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DON PERRY, JR. AND REBECCA PERRY<br><br>            *Plaintiffs*<br>      v.<br>LEE ROY CRABTREE, JR., AND USA TRUCK, INC<br><br>            *Defendants* | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

### COMPLAINT

**NOW INTO COURT**, come plaintiffs, **DON PERRY, JR.** and **REBECCA PERRY**, hereafter Plaintiffs, who file this Complaint seeking damages, redress and relief, as follows:

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among all adverse parties, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 in that all the relevant events, acts and omissions occurred in this judicial district, and the defendants regularly conduct business in this district.

### PARTIES

**Plaintiffs:**

3.      Plaintiff, **Don Perry, Jr.** (*a/k/a* Don Perry or Mr. Perry), is a resident of and domiciled in Calcasieu Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

1

4.      Plaintiff, **Rebecca Perry** (*a/k/a* Mrs. Perry), is a resident of and domiciled in Calcasieu Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

**Defendants:**

5.      Defendant, **Lee Roy Crabtree, Jr.** (*a/k/a* Mr. Crabtree or Crabtree), is a resident of and domiciled in the State of Ohio.  Summons may be issued, as follows:

> **LEE ROY CRABTREE, JR.**
> 848 Deephollow Ct.
> Columbus, OH 43228-5740
> Through his agent for service:
> Chairman of the Texas Transportation Commission
> 125 E. 11th Street, Austin, Texas 787701

6.      Defendant, **USA Truck, Inc.** (*a/k/a* USA TRUCK), is a Delaware corporation with its principal business office being located at 3108 Industrial Park Road, Van Buren, AR 72956. Summons may be issued, as follows:

> **USA TRUCK, INC.**
> Through its registered agent for service:
> C.T. Corporation System
> 1999 Bryan Street, Ste. 900
> Dallas, Texas 75201

## FACTS

7.      On or about November 20, 2016, plaintiffs DON PERRY and REBECCA PERRY were guest passengers in a vehicle owned and operated by their daughter, Courtney Perry.  The Perry vehicle was traveling eastbound on Interstate 10 (I-10) in Jefferson County and had slowed for preceding traffic when defendant, LEE ROY CRABTREE, JR., while driving a commercial motor vehicle; namely, a tractor/trailer 18-wheeler, approached the Perry vehicle from the rear.  Mr. Crabtree failed to safely and properly control the speed of his vehicle and

failed to maintain a safe distance in relation to preceding vehicles and crashed into the rear of the

Perry vehicle.  As a result of this crash, and Mr. Crabtree's negligence, DON PERRY and

REBECCA PERRY sustained injuries and damages for which defendants are liable.

   8. At the time of the crash, Mr. Crabtree was in the course and scope of his

employment with defendant, USA TRUCK, INC. and was operating the 18-wheeler with his

employer's permission and consent.

   9. At all times material hereto, defendant, Mr. Crabtree, was operating a

"commercial motor vehicle" in "interstate commerce" for his "employer," USA Truck, Inc.,

which is a "motor carrier," as such terms are contemplated by 49 C.F.R. §§ 383, 387, 390-399

and 49 U.S.C. §13102.

   10. The motor vehicle crash made the basis of this suit, and the resulting injuries and

damages plaintiffs have sustained, were proximately caused by the negligent conduct, acts and/or

omissions of Mr. Crabtree in one or more of the following respects:

    a. In failing to maintain control of the vehicle he was operating as would be expected of persons of ordinary prudence in the same or similar circumstances;

    b. In failing to keep a reasonable lookout for preceding vehicles as would be expected of persons of ordinary prudence in the same or similar circumstances;

    c. In failing to control the speed of his vehicle as necessary to avoid crashing into the rear of the Perry vehicle;

    d. Violating Section 545.351 of the Texas Transportation Code, such violation constituting negligence per se.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which proximately caused the crash made the basis of this action and Plaintiffs' injuries and damages.

11.     As a direct and proximate result of the negligence, negligence *per se*, and carelessness of the defendants, plaintiffs DON PERRY and REBECCA PERRY have suffered injuries and damages, general and special, for which defendants are liable.

12.     Plaintiff, DON PERRY, has suffered injuries including but not limited to traumatic injuries to plaintiff's head, neck, and back, as well as other injuries that will be evident in plaintiff's medical records.  Because of these injuries, plaintiff has suffered damages that include, but are not limited to, the following:

      a.      Reasonable and necessary medical expenses – past

      b.      Reasonable and necessary medical expenses – future

      c.      Loss of earnings and earning capacity – past

      d.      Loss of earnings and earning capacity – future

      e.      Physical impairment – past

      f.      Physical impairment – future

      g.      Physical pain – past

      h.      Physical pain – future

      i.      Mental anguish – past

      j.      Mental anguish – future

      k.      Other damages to be proved at trial

13.     Plaintiff, REBECCA PERRY, has suffered injuries including but not limited to traumatic injuries to plaintiff's neck, back, upper and lower extremities, and other injuries that

will be evident in plaintiff's medical records. Because of these injuries, plaintiff has suffered damages that include, but are not limited to, the following:

      a.     Reasonable and necessary medical expenses – past

      b.     Reasonable and necessary medical expenses – future

      c.     Loss of earnings and earning capacity – past

      d.     Loss of earnings and earning capacity – future

      e.     Physical impairment – past

      f.     Physical impairment – future

      g.     Physical pain – past

      h.     Physical pain – future

      i.     Mental anguish – past

      j.     Mental anguish – future

      k.     Other damages to be proved at trial

## CLAIMS AND CAUSES OF ACTION

### I.
### *Negligence*
### *(Against All Defendants)*

14.     Plaintiffs reallege all preceding allegations in support of this cause of action.

15.     Plaintiffs sustained injuries and damages because of defendant, LEE ROY CRABTREE, JR.'s negligence in that defendant:

      a.     Failed, at all times material hereto, to maintain a safe speed, commensurate with traffic conditions;

      b.     Failed, at all times material hereto, to maintain a safe distance between the vehicle he was operating and the preceding vehicle (the Perry vehicle);

      c.     Failed, at all times material hereto, to pay attention to the road ahead;

      d.      Failed, at all times material hereto, to exercise reasonable and due caution, as expected of drivers of ordinary and reasonable prudence driving in the same or similar traffic conditions;

      e.      Failed, at all times material hereto, to operate his vehicle in a reasonably safe and prudent manner;

      f.      Violation of one or more sections of the Texas Transportation Code including but not limited to Section 545.351;

      g.      Other acts and/or omissions of negligence.

16.    Defendants owed a duty consistent with the foregoing and breached those duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries and damages.  As a result of Defendants' negligence, Plaintiffs have suffered severe injuries and damages for which Defendants are liable to Plaintiffs.

## II.

### *Negligence*
### *(Against All Defendants)*

17.    Plaintiff reallege all preceding allegations in support of this cause of action.

18.    Plaintiffs sustained injuries and damages because of defendant, USA TRUCK, INC.'s negligence in that defendant:

      a.      Failed to adequately and properly supervise its employee, Lee Roy Crabtree, Jr.;

      b.      Failed to properly train its employee, Lee Roy Crabtree, Jr.;

      c.      Failed to enact and enforce safe practices, policies and procedures that, if followed by Lee Roy Crabtree, Jr., would have avoided this crash;

      d.      Negligently entrusting a vehicle to an incompetent and/or reckless driver;

      e.      Other acts and/or omissions of negligence.

6

19.     Defendants owed a duty consistent with the foregoing and breached those duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries and damages.  As a result of Defendants' negligence, Plaintiffs have suffered severe injuries and damages for which Defendants are liable to Plaintiffs.

### III.

### *Negligence Per Se*
### *(Against All Defendants)*

20.     Plaintiffs reallege all preceding allegations in support of this cause of action.

21.     Defendants' conduct constitutes a violation of one or more sections of the Texas Transportation Code including but not limited to Section 545.351.

22.     Defendant, LEE ROY CRABTREE, JR., operated a vehicle at a speed greater than is reasonable and prudent under the circumstances then existing.

23.      Defendant, LEE ROY CRABTREE, JR., operated a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and failed to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

24.     Plaintiffs are members of the class of persons that the Texas Transportation Code was designed to protect.   Defendants' breaches of duties arising under the Texas Transportation Code caused Plaintiffs' injuries and damages and, therefore, Defendants are liable to the Plaintiffs.

**IV.**

***Respondeat Superior, Vicarious and/or Statutory Employer Liability***
***(Against defendant, USA TRUCK, INC.)***

25.     Plaintiffs reallege all preceding allegations in support of this cause of action.

26.     At all times material hereto, Defendant Crabtree was in the course and scope of his employment with USA TRUCK, INC.  Crabtree was acting in furtherance of a mission for USA TRUCK, INC.'s benefit and subject to USA TRUCK, INC.'s supervision and control.

27.     At all times material hereto, Defendant Crabtree, was operating the vehicle with the permission and consent of USA TRUCK, INC.

28.     USA TRUCK, INC. is vicariously liable for the negligence of its employee, LEE ROY CRABTREE, JR. under the doctrine of *respondeat superior* liability.  Further, all acts and/or omissions of negligence of Crabtree are imputed to USA TRUCK, INC.

29.     At all times material hereto, LEE ROY CRABTREE, JR. was the statutory employee of USA TRUCK, INC. under applicable federal laws and regulations (including 49 U.S.C. §14102 and 49 C.F.R. §390.5) such that USA TRUCK, INC. is vicariously liable for the negligent acts and/or omissions attributable to its driver and employee, Crabtree.

30.     USA TRUCK, INC. is, therefore, liable to Plaintiffs for all injuries and damages caused by LEE ROY CRABTREE, JR.

**V.**

***Agency***
***(Against Defendant, USA TRUCK, INC.)***

31.     Plaintiffs reallege all preceding allegations in support of this cause of action.

32.     At and during the time of the acts and/or omissions of negligence complained of herein, any acts and/or omissions committed or attributable to an agent, representative or employee of defendant, USA TRUCK, INC., occurred within the scope of the actual or apparent authority of such person on behalf of USA TRUCK, INC.

33.     More specifically, at all times material hereto, LEE ROY CRABTREE, JR. was acting as an agent, representative and/or employee of USA TRUCK, INC. and his conduct was within the scope of his actual or apparent authority on behalf of USA TRUCK, INC.

34.     Therefore, USA TRUCK, INC. is liable to Plaintiffs for the acts and/or omissions of LEE ROY CRABTREE, JR. by virtue of his agency.

## VI.

### *Negligent Hiring*
### *(Against Defendant, USA TRUCK, INC.)*

35.     Plaintiffs reallege all preceding allegations in support of this cause of action.

36.     Plaintiffs sustained injuries and damages as a proximate result of Defendant's negligent hiring and/or retention of LEE ROY CRABTREE, JR. because of Defendant's:

   a.   Failure to conduct a reasonable and adequate interview and investigation of Crabtree as a potential employee and, more particularly, as a commercial driver;

   b.   Failure to conduct a proper employment and background check;

   c.   Failure to properly investigate and vet Crabtree's training and background prior to hiring, and thereafter;

   d.   Failure to adopt, enact and enforce reasonable, adequate and proper practices, policies and procedures regarding the interview and

investigation of potential employees and, more particularly, those who will be driving commercial motor vehicles on the highways of Texas;

e.   Failure to adopt, enact and enforce reasonable, adequate and proper practices, policies and procedures regarding the post-hiring retention of employees who are driving commercial motor vehicles on the highways of Texas;

f.   Other acts and/or omissions of negligence as may be revealed through discovery and as may be proved at trial.

## VII.

### *Negligent Training*
### *(Against Defendant, USA TRUCK, INC.)*

37.   Plaintiffs reallege all preceding allegations in support of this cause of action.

38.   Plaintiffs sustained injuries and damages as a proximate result of Defendant's negligent training hiring and/or retention of LEE ROY CRABTREE, JR. because of Defendant's:

a.   Failure to explain and demonstrate its safety policies and procedures to Crabtree;

b.   Failure to provide the necessary training to Crabtree regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations;

c.   Failure to properly train its drivers regarding all aspects of driver safety;

d.   Failure to train its employees, including Crabtree, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

e.      Failure to provide and/or require regular follow-up driver education and training;

f.      Other acts and/or omissions of negligence as may be revealed through discovery and as may be proved at trial.

**VIII.**

***Negligent Supervision, Retention, and Monitoring***
***(Against Defendant USA TRUCK, INC.)***

39.     Plaintiffs reallege all preceding allegations in support of this cause of action.

40.     Plaintiffs sustained injuries and damages as a proximate result of Defendant's negligent supervision, retention, and monitoring of LEE ROY CRABTREE, JR. because of Defendant's:

a.      Failure to monitor Crabtree to make sure that he was complying with policies and procedures;

b.      Failure to interview and test Crabtreee to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

c.      Failure to implement proper policies and procedures for its employees, including Crabtree, regarding driver safety and vehicle safety;

d.      Failure to document and make a determination regarding fault in the accident made the basis of this suit;

e.      Failure to supervise Crabtree to ensure that he was keeping the vehicle properly maintained;

f.      Other acts and/or omissions of negligence as may be revealed through discovery and as may be proved at trial.

## IX.

### *Negligent Entrustment*
### *(Against Defendant USA TRUCK, INC.)*

41.     Plaintiffs reallege all preceding allegations in support of this cause of action.

42.     Plaintiffs sustained injuries and damages as a proximate result of Defendant's negligent entrustment of the commercial vehicle to LEE ROY CRABTREE, JR. because Defendant provided a commercial motor vehicle and/or authority to Crabtree, who was not properly trained and did not have the proper driver education, background, training, skills, practices or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## X.

### *Damages*
### *(Against All Defendants)*

43.     Plaintiffs reallege all preceding allegations in support of this cause of action.

44.     Plaintiffs, DON PERRY and REBECCA PERRY, individually, seek to recover the damages each has suffered as a result of this crash and that were proximately caused by the Defendants' negligence, which damages include but are not limited to:

  a. Pain and suffering – past and future;

  b. Mental anguish – past and future;

  c. Loss of wages and earning capacity – past and future;

  d. Medical and related expenses – past and future;

  e. All injuries and damages described in the foregoing sections of this Complaint;

        f.      Injuries and damages that will be proved at trial.

45.      At all times relevant hereto, DON PERRY and REBECCA PERRY, have been legally married, and have each suffered past and will continue to suffer future loss of consortium and household services, as well as damage to their marital relationship, including loss of affection, solace, comfort, companionship, society, assistance, emotional support, love and felicity necessary to a successful marriage.  This is attributable to the injures each have suffered as a result of this crash and the Defendants' negligence.  Therefore, DON PERRY and REBECCA PERRY are both entitled to recover such damages from Defendants.

## Jury Demand

46.      Plaintiffs request that this case be decided by a jury as allowed by FRCP 38.

## Prayer for Relief

47.      As a result of Defendants' acts and/or omissions, and negligence, Plaintiffs sustained injuries and damages, for which Defendants are liable and for which Plaintiffs are legally entitled to recover.  Plaintiffs pray for relief and judgment against Defendants for their injuries and actual damages set forth herein, all punitive/exemplary damages that are warranted under the facts and law, pre-judgment and post-judgment interest at the legally applicable rate, costs of court, and any such other and further relief to which Plaintiffs are entitled and/or as the Court may deem just and proper.

BY ATTORNEYS:

*/s/Ronald C. Richard*
Ronald C. Richard (TEXAS BAR #: 24080077)
RICHARD LAW FIRM, L.L.C.
One Lakeshore Drive, Suite 120
Lake Charles, LA 70629
Tel.: (337) 494-1900
Fax: (337) 494-1793
Email: ron@richardlawfirm.com
Attorney for Plaintiffs, Don Perry, Jr. and Rebecca
Perry

AND


*/s/Steven P. Lemoine*
Steven P. Lemoine (LA BAR #: 20269)
ROBERT H. SCHMOLKE, APLC
9191 Siegen Lane, Bldg. 4-B
Baton Rouge, LA 70810
Tel.: (225) 292-1717
Fax: (225) 292-1727
Email: steve@schmolkelaw.com
Lead Attorney for Plaintiffs, Don Perry, Jr. and
Rebecca Perry